FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2010 SEP 27 PM 4:37

CLERK R Auk
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

DARRYL SOLOMON HOPE,

    Plaintiff,

vs.

BUREAU OF PRISONS; ANTHONY
HAYNES; HARLEY LIPPIN; U. S.
DEPARTMENT OF JUSTICE; ERIC
HOLDER, JR.; and ROBERT A.
BUTTERWORTH,

    Defendants.

CIVIL ACTION NO.: CV210-127

## MAGISTRATE JUDGE'S ORDER and REPORT AND RECOMMENDATION

Plaintiff, who is currently incarcerated at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"), Georgia, filed a cause of action pursuant to 28 U.S.C. § 1331 and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971). A plaintiff proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Reform Litigation Act ("PLRA"), 28 U.S.C. § 1915. In determining compliance, the court shall be guided by the longstanding principle that *pro se*

pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. The Court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a pro se litigant can prove no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10 (1980); Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this court in applying the identical language of § 1915A.

Plaintiff asserts that the law library at FCI Jesup is inadequate to allow him to challenge the convictions he obtained in the State of Florida. Plaintiff accordingly asserts that he has been denied access to the courts.

Inmates have a constitutional right to "adequate, effective and meaningful" access to the courts. Bounds v. Smith, 430 U.S. 817, 822 (1977). To constitute a deprivation of the right to access the courts, a detainee "must show actual injury in the pursuit of specific types of nonfrivolous cases[.]" Wilson v. Blankenship, 163 F.3d 1284, 1290 (11th Cir. 1998) (citing Lewis v. Casey, 518 U.S. 343, 355-57 (1996)). "Bounds did not create an abstract, freestanding right to a law library or legal assistance," and "an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense. That would be the precise analog of the healthy inmate claiming constitutional violation because of the inadequacy of the prison infirmary." Lewis, 518 U.S. at 352. "[T]he inmate therefore must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." Id. (internal punctuation and citation omitted).

The only "actual injury" Plaintiff claims to have suffered is that a post-conviction motion he filed in 1991 was denied based on Plaintiff's failure to comply with the rules of the State of Florida, and this denial occurred while Plaintiff was incarcerated in Florida. Plaintiff has not shown that he has suffered any actual injury to a non-frivolous claim while he has been housed at FCI Jesup.

Plaintiff names as Defendants: Anthony Haynes, the Warden at FCI Jesup; Harley Lippin; Eric Holder, the Attorney General of the United States; and Robert Butterworth, Attorney General for the State of Florida. Plaintiff makes no factual allegations in his Complaint against these named Defendants. A plaintiff must set forth "a short and plain statement of the claim showing that [he] is entitled to relief." FED. R.

AO 72A
(Rev. 8/82)

Civ. P. 8(a)(2). As Plaintiff has failed to make any factual allegations against Defendants Haynes, Lippin, Holder, and Butterworth, his claims against these Defendants should be dismissed.

In addition, it appears Plaintiff seeks to hold Defendants Haynes, Lippin, Holder, and Butterworth liable based solely on their supervisory positions. Liability must be based on something more than a theory of respondeat superior. Braddy v. Fla. Dep't of Labor & Employment Sec., 133 F.3d 797, 801 (11th Cir. 1998). A supervisor may be liable only through personal participation in the alleged constitutional violation or when there is a causal connection between the supervisor's conduct and the alleged violations. Id. at 802. As Plaintiff has failed to make this basic showing, his claims against Defendants Haynes, Lippin, Holder, and Butterworth should be dismissed for this reason, as well.

Plaintiff also names the Bureau of Prisons and the Department of Justice as Defendants. The proper defendants in a Bivens claim are the federal officers who allegedly violated the plaintiff's constitutional rights, not the federal agency which employs the officers. FDIC v. Meyer, 510 U.S. 471, 485-86 (1994). Thus, Plaintiff's claims against the Bureau of Prisons and the Department of Justice should be dismissed.

Moreover, Plaintiff seeks injunctive relief from this Court so that Defendants will discontinue their discriminatory actions. To be entitled to an injunction, the movant must show: (1) a substantial likelihood of ultimate success on the merits; (2) an injunction or protective order is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm the injunction or protective order would inflict on

AO 72A
(Rev. 8/82)

the non-movant; and (4) the injunction or protective order would not be adverse to the public interest. Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225-26 (11th Cir. 2005). In this Circuit, an "injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the 'burden of persuasion' as to the four requisites." Horton v. City of Augustine, Fla., 272 F.3d 1318, 1326 (11th Cir. 2001). Plaintiff has failed to show that there is a substantial likelihood that he could prevail on the merits of his Complaint. Furthermore, Plaintiff failed to provide evidence that the issuance of an injunction is necessary to prevent irreparable injury. Plaintiff has not meet his burden of persuasion to obtain injunctive relief, and his request for injunctive relief should be denied.

Finally, Plaintiff has filed a Motion to Amend his Complaint. He seeks to add the United States of America as a Defendant under the Federal Tort Claims Act, alleging that his property was lost and/or destroyed when he was transferred to FCI Jesup. A plaintiff may not join unrelated claims and various defendants unless the claims "arise out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." FED. R. CIV. P. 20(a). Plaintiff has failed to show a logical relationship between the allegations in his Complaint and the allegations set forth in his Motion to Amend, and the Court will not allow the joinder of these unrelated claims. Plaintiff's Motion to Amend is **DENIED.** Plaintiff may submit a separate complaint for the claims set forth in his Motion to Amend.

AO 72A
(Rev. 8/82)

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED** based on his failure to state a claim upon which relief may be granted.

**SO ORDERED** and **REPORTED** and **RECOMMENDED**, this 27th day of September, 2010.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)